11-1639-ag
Jiang v. Holder

BIA
Abrams, IJ
A078 706 780

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

XIAO HONG JIANG,
> *Petitioner*,

v.                                          11-1639-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        ALEXANDER KWOK-HO YU, New York, New York.

FOR RESPONDENT:        DANA M. CAMILLERI, Trial Attorney, Office of Immigration Litigation, Civil Division (Tony West, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, *on the brief*), *for* Eric H. Holder, Jr., United States Attorney General, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Hong Jiang, a native and citizen of the People's Republic of China, seeks review of a March 31, 2011, decision of the BIA affirming the March 18, 2009, decision of Immigration Judge Steven R. Abrams, pretermitting her application for asylum and denying her claims for withholding of removal and relief under the Convention Against Torture ("CAT"). *See In re Xiao Hong Jiang*, No. A078 706 780 (B.I.A. Mar. 31, 2011), *aff'g* No. A078 706 780 (Immig. Ct. New York City Mar. 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Jiang does not challenge the agency's pretermission of her asylum application, we need not review that portion of the agency's decision. *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). While the government argues that Jiang has further waived any challenge to the agency's burden finding due to her failure to brief the issue, we conclude that Jiang's arguments, although summary, are sufficient to bring the issues before this Court.

2

However, the agency's finding that Jiang's week-long detention for practicing Zhong Gong did not constitute harm amounting to persecution is reasonable.  Brief periods of detention, on their own, do not necessarily rise to the level of persecution and Jiang did not adequately establish any relevant physical harm caused by, or during, her detention.  *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006) (upholding agency's determination that applicant was not eligible for withholding of removal based on "brief" detention after which he was released "without harm"); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (in order to constitute persecution, the harm to an asylum applicant must be sufficiently severe, rising above mere "harassment."); *Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) ("The circumstances surrounding a petitioner's arrest or detention require a case-by-case adjudication by the BIA."). Furthermore, because Jiang presented no objective evidence that the Chinese government had an open case against her, was seeking her out, or intended to harm her, the agency reasonably concluded that Jiang had not demonstrated an objective basis for a fear of future persecution.  *See Huang v. INS*, 421 F.3d 125, 129 (finding petitioner's fear of

3

persecution "speculative at best" where it lacked "solid support in the record").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk